UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

MAXIMO VILLALOBOS, ET AL.,

    Plaintiffs,

    v.

NORTH CAROLINA GROWERS
ASSOCIATION, INC., et al.,

    Defendants.

Civil No. 97-1589 (JAF)

## OPINION AND ORDER

Plaintiffs, Puerto Rican migrant agricultural workers, bring this action against Defendants, North Carolina agricultural employers and the North Carolina Growers Association, Inc. ("NCGA"), alleging violations of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. §§ 1821, 1822, and 1823. Plaintiffs filed a motion to strike or, in the alternative, a motion for a more definite statement, pursuant to Fed. R. Civ. P. 12(e) and 12(f). Defendants filed an opposition.

### I.

### Background

The relevant background in this case is set forth in our prior Opinion and Order issued on February 19, 1999. See Docket Document No. 24. Plaintiffs move to strike or, in the alternative, for a more definite statement of Defendants' affirmative defenses of fraud and

Civil No. 97-1589 (JAF)                                                          2-

unclean hands as stated in Defendants' answer to the complaint, filed on April 23, 1999. See Docket Document No. 33. Defendants' answer contends that Plaintiffs' cause of action may be barred in whole or in part by the doctrine of fraud and unclean hands.

## II.

### Standard

Rule 12(f) provides:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed. R. Civ. P. 12(f). "Courts do not, however, view motions to strike affirmative defenses for legal insufficiency under Federal Rule of Civil Procedure 12(f) favorably." Bio-Vita, Ltd. v. Rausch, 759 F.Supp. 33, 39 (D. Mass. 1991). In particular, "'the general policy is that pleadings should be treated liberally, and that a party should have the opportunity to support his contentions at trial.'" Id. A rule 12(f) motion to strike an affirmative defense should not be granted unless, as a matter of law, the defense could not succeed under any circumstances. In re all Maine Asbestos Litigation, 575 F.Supp. 1375, 1377 (D.Me. 1983). Where there are disputed issues of fact or substantial issues of law, a motion to

Civil No. 97-1589 (JAF)                                                        3-

strike should not be used to test the merits of the defense; close or new questions of law and disputed factual issues should await a full hearing on the merits. Id.

It has been generally recognized that a motion to strike under Rule 12(f) is the proper remedy to eliminate "redundant," "immaterial," "impertinent," or "scandalous" matter from the pleadings and is the principal procedure for objecting an "insufficient" affirmative defense. Gilbert v. Eli Lilly Co., Inc., 56 F.R.D. 116, 120 (D.P.R. 1972). It is appropriate for the court to grant a Rule 12(f) motion to strike a defense only if the defense is legally insufficient and presents no question of law or fact that the court must resolve. Johnson v. Chrysler Corp., 187 F.R.D. 440, 441 (D. Me. 1999). However, motions of this nature are not favored and should not be granted, even in cases where the averments complained of are literally within the provisions of Rule 12(f) of the Federal Rules of Civil Procedure, in the absence of a demonstration that the allegations attacked have no possible relation to the controversy and may prejudice the other party. Gilbert, 56 F.R.D. at 120.

On the other hand, Rule 12(e) provides:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out defects complained of and the details desired.

(Rev 8/82)

Civil No. 97-1589 (JAF)                                                                4-

> If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

Fed. R. Civ. P. 12(e). A more definite statement will be required only when the pleading is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." 5A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1376 at 577-78. The "Federal Rules employ the concept of notice pleading, and, for this reason, motions for a more definite statement are not favored." Delta Educ., Inc. v. Langlois, 719 F.Supp. 42, 50 (D.N.H. 1989). The "motion is granted sparingly since it is not to be used as a substitute for discovery in trial preparation, but is to be used only when a pleading is too general." Id. "Whether to grant a motion for a more definite statement is a matter within the discretion of the trial court." Id. (citing Charles Alan Wright & Arthur R. Miller, 5A FEDERAL PRACTICE AND PROCEDURE § 1377 at 600-01).

### III.

### Analysis

**A. Defendants' Affirmative Defense of Fraud**

Plaintiffs move to strike Defendants' affirmative defense of fraud for failing to comply with the particularity requirements of

Civil No. 97-1589 (JAF)                                                                                          5-

Federal Rule of Civil Procedure 9(b). Rule 9(b) specifies the procedure for pleading fraud in Federal Courts.

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally.

Fed. R. Civ. P. 9(b).

Plaintiffs allege that Defendants pled the affirmative defense of fraud without providing sufficient evidence. Furthermore, Plaintiffs contend that they do not know against whom the defense is raised. Plaintiffs also allege that they have not been provided adequate notice to respond to Defendants' affirmative defense of fraud. Therefore, Plaintiffs move to strike Defendants' affirmative defense of fraud or, in the alternative, move for a more definite statement of Defendants' affirmative defense of fraud.

Defendants agree with Plaintiffs that in order to set forth the affirmative defense of fraud, they are generally required to plead with particularity the time, place, content, and identity of the alleged fraudulent statements. However, Defendants assert that, typically, Fed. R. Civ. P. 9 applies to plaintiffs filing complaints to protect "the defendant from unfair surprise and to discourage 'strike suits.'" Simcox v. San Juan Shipyard, 754 F.2d 430, 439 (1st Cir. 1985). Defendants allege that they have placed Plaintiffs on notice that fraud will be raised as an issue with respect to

Civil No. 97-1589 (JAF)                                                    6-

Defendants' liability. Furthermore, Defendants emphasize that under Fed. R. Civ. P. 8(c), the affirmative defense of fraud must be asserted in the original answer or the same will be deemed waived. Ringuette v. City of Fall River, 146 F.3d 1, 4 (1st Cir. 1998). Thus, "to avoid waiver, a defendant must assert all affirmative defenses in the answer." Mckinnon v. Kwong Wah Restaurant, 83 F.3d 498, 505 (1st Cir. 1996). In this regard, the Court of Appeals for the First Circuit has stated that Rule 9(b) requires that pleadings must give adequate notice of the claim of fraud but that the specifics of the fraudulent intent, as well as the circumstances or evidence from which such intent may be inferred, need not be alleged. McGinty v. Beranger Volkswagen, Inc., 633 F.2d 226, 228-29 (1st Cir. 1980).

We find that it would be premature to strike Defendants' affirmative defense of fraud at this stage of the proceedings. Defendants asserted their affirmative defense in their answer to Plaintiffs' complaint. Failure to do so would have meant waiving the defense. Plaintiffs have been alerted that Defendants will pursue fraud as a defense; thus, there is no element of surprise during the course of litigation. Therefore, we deny Plaintiffs' motion to strike Defendants' affirmative defense of fraud.

In the alternative, Plaintiffs move for a more definite statement from Defendants regarding the affirmative defense of fraud. However, upon examination of the submissions, we find that Defendants

Civil No. 97-1589 (JAF)                                                                   7-

have provided a sufficiently definite statement in the memorandum submitted in opposition to Plaintiffs' motion.

Defendants allege that many of the Plaintiffs did not intend to complete their work contracts and were, instead, seeking unemployment compensation. Defendants assert that Plaintiffs and their counsel sought to set up a situation to bring harm to the North Carolina H-2A program through costly and disruptive litigation, even prior to Plaintiffs' arrival in North Carolina. To support these allegations, Defendants submitted a memorandum from Bruce Goldstein, of the Farm worker Justice Fund, to the North Carolina H-2A Group, entitled "Status and Work That Needs To Be Done." Defendants assert that this memorandum included the possibility of enlisting newspaper and other media coverage to document the workers' arrival and presence in North Carolina and to cover avowed "abuses" which had not occurred. Defendants allege that at the time of the memorandum, neither Plaintiffs nor their counsel had any legitimate reason to anticipate that they would face "abuses" upon their arrival in North Carolina. Defendants assert that Puerto Rican workers had not previously worked in North Carolina for this program or for these employers. Therefore, Defendants allege that there was no legitimate reason that abuses would occur. Defendants state that despite the unlikelihood of any abuses occurring, Plaintiffs and their counsel set up a team prepared to handle any abuses when they occurred.

Civil No. 97-1589 (JAF)                                                            8-

Defendants submit that, through discovery, they will further develop evidence of Plaintiffs' manipulation of the process so as to create the alleged basis for this lawsuit and to defraud defendants, by refusing to work or completing their work obligations. We find that Defendants' allegations are sufficient to comply with the pleadings requirement. We deny Plaintiffs' motion for a more definite statement.

B.  **Affirmative Defense of Unclean Hands**

Plaintiffs allege that Defendants' affirmative defense of unclean hands is inapplicable in this case. The doctrine of unclean hands is applicable only when (1) a party seeking affirmative relief (2) is guilty of conduct involving fraud, deceit, unconscionability, or bad faith (3) directly related to the matter in issue (4) that injures the other party (5) and affects the balance of equities between the litigants. Castle v. Cohen, 676 F.Supp. 620, 627 (E.D.Pa. 1987); Precision Instrument Manufacturing Co. v. Automotive Maintenance Cach. Co., 324 U.S. 806, 814-15 (1945). Plaintiffs allege that the "[a]pplication of the unclean hands doctrine is an extreme sanction . . . which requires a [substantial] showing of fault, willfulness or bad faith." Pfizer, Inc. v. Int'l. Rectifier Corp., 538 F.2d 180, 195 (8th Cir. 1976).

Plaintiffs allege that to bring a claim of unclean hands, it is necessary to show fraud. Furthermore, Plaintiffs allege that since

Civil No. 97-1589 (JAF)                                                              9-

unclean hands involves the same bad faith allegations as fraud, the same heightened pleading standard applies. Plaintiffs assert that Defendants have failed to plead unclean hands with particularity; therefore, the defense is legally insufficient and should be stricken or, in the alternative, Defendants should be ordered to state their defense in a more definite statement.

Defendants counter that they have a good-faith basis for asserting the defense of unclean hands, and that under the rules of notice pleading, no additional information is required. Furthermore, Defendants allege that Plaintiffs and their counsel have acted in bad faith and with "unclean hands" by engaging in behavior that forms the basis of this lawsuit. Defendants assert that under the H-2A program designed to provide temporary alien agricultural labor to employers who hire sufficient domestic workers, Plaintiffs and other Puerto Rican workers were recruited, as available U.S. workers, to work in North Carolina. Defendants submit that Plaintiffs and their counsel did not like this arrangement and sought to disrupt and discourage usage of the H-2A program. Defendants assert that Plaintiffs and their advocates had a plan of attack against the North Carolina H-2A program.

Defendants allege that the text of the memorandum is evidence of Plaintiffs' unclean hands. The text of the memorandum stated that monitors should be in place in North Carolina when the Puerto Rican

Civil No. 97-1589 (JAF)                                                          10-

migrant workers arrived. Mr. Goldstein suggests to the North Carolina H-2A Group that it contact John Frasier, Deputy Director of the Department of Labor's Wage and Hour Division, and ask for investigators to go out the following week. In addition, the memo recommends Puerto Rican workers to ask to work at the six largest growers. Finally, P.R. Job Services agreed to hand out forms stating that Legal Services is available and that workers can request to stick together.

Defendants allege that the tone of the memorandum was intended to incite the present lawsuit by creating problems that would not otherwise occur. Defendants allege that they had not previously recruited workers from Puerto Rico to work for them in North Carolina. Therefore, Defendants allege that there were no past problems with these workers, nor any indication there would be any problems in the future. Defendants allege that despite the unlikelihood of problems with the Puerto Rican workers, Legal Services greeted the Puerto Rican workers at the airport with television crews in tow.

Defendants allege that the memorandum demonstrates a plan to create the current litigious situation, which is the alleged basis of this complaint. Defendants assert that the memorandum, citing predicted "abuses" (without any basis for such predictions), the need for investigation, and targeted employers, were conceived of before

Civil No. 97-1589 (JAF)                                                    11-

the workers left Puerto Rico. Defendants allege that Plaintiffs clearly have, through their attorneys, attempted to orchestrate circumstances that will lead to a lawsuit to obtain monetary relief. Thus, Defendants allege that the doctrine of unclean hands is applicable. Defendants allege that the motives of Plaintiffs and their counsel "have an immediate and necessary relation to the transaction placed in issue by the Plaintiffs' request for relief." Parsons v. Jefferson-Pilot Corp., 141 F.R.D. 408, 415 (M.D.N.C. 1992). Therefore, Defendants assert that their affirmative defense of unclean hands should not be dismissed.

We find that striking Defendants' affirmative defense of unclean hands at this stage of the proceedings would be premature. Defendants had to assert all available affirmative defenses or risk waiving the defenses. Defendants, in answering the complaint, placed Plaintiffs on notice that they were asserting the affirmative defense of unclean hands. Therefore, there would be no element of surprise during the course of the litigation. We deny Plaintiffs' motion to strike Defendants' affirmative defense of unclean hands.

In the alternative, Plaintiffs move for a more definite statement from Defendants regarding the affirmative defense of unclean hands. We find that Defendants' allegations, as stated above, are sufficient to comply with the pleadings requirement.

Civil No. 97-1589 (JAF)                                                                  12-

Therefore, Plaintiffs' motion for a more definite statement is denied.

## IV.

## Conclusion

We **DENY** Plaintiffs' motion to strike Defendants' affirmative defenses of fraud and unclean hands. We also **DENY** Plaintiffs' motion for a more definite statement of Defendants' affirmative defenses of fraud and unclean hands. This opinion and order disposes of <u>Docket Documents Nos. 34 and 35</u>.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this  10th  day of January, 2000.

JOSE ANTONIO FUSTE
U. S. District Judge