IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MÁXIMO VILLALOBOS, et al.,

Plaintiffs

v.                                                              CIVIL 97-1589 (JAG)

NORTH CAROLINA GROWERS'
ASSOCIATION, et al.,

Defendants

## ORDER

On September 22, 2000, plaintiffs filed a motion to amend the pleadings pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. (Docket No. 161.) Defendants filed an opposition to plaintiffs' motion on October 4, 2000. (Docket No. 166.)

Plaintiffs seek to amend the pleadings to add a claim under the record-keeping provisions of the Migrant and Seasonal Agricultural Worker Protection Act (AWPA). 29 U.S.C. § 1821(d)(1). Defendants oppose plaintiffs' request for leave based on the argument that such amendment would be futile since co-plaintiff Rafael Vélez' claim should be dismissed because he has not complied with court orders regarding discovery and production of documents and also because he has failed to appear at two scheduled depositions.[1] (See

---

[1] This argument is the basis of defendants' motion to dismiss Rafael Velez' claims. (Docket No. 113.) It will be addressed in a separate filing.



AO 72
(Rev 8/82)

CIVIL 97-1589 (JAG)                          2

Docket No. 166, <u>Defendants' Memorandum in Opposition to Plaintiffs' Motion to Amend the Pleadings</u>, at 2-6.) However, the opposition does not reflect a stand on granting leave to amend the pleadings as to co-plaintiff Efraín Flores.

Rule 15(a) of the Federal Rules of Civil Procedure allows for a plaintiff to amend the pleadings "at any time before a responsive pleading is served[.]" However, if a responsive pleading has been served, then the plaintiff must obtain the leave of the court or the adverse party's consent to do so. The rule also states that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).

"The function of Rule 15(a), which provides generally for the amendment of pleadings, is to enable a party to assert matters that were overlooked or were unknown at the time he interposed the original complaint or answer." 6 Charles A. Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1473, at 520 (2d ed. 1998). Courts have great discretion to allow or deny amendments to the pleadings once the time to do so without approval of the court has expired. <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>Massachusetts v. V & M Mgmt., Inc.</u>, 929 F.2d 830, 835 (1st Cir. 1991). Traditionally, courts allow for a plaintiff to amend the pleadings "[i]n the absence of any apparent or declared reason –such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue

CIVIL 97-1589 (JAG)                             3

prejudice to the opposing party[.]" Foman v. Davis, 371 U.S. at 182; see also Carmona v. Toledo, 215 F.3d 124, 136 (1st Cir. 2000).

In plaintiffs' amended complaint Efraín Flores and Rafael Vélez state a claim under 29 U.S.C. § 1821(d)(2) against Robert Farmer and Morris Murphy for failure to provide workers with an itemized written statement of their wages. However, on July 5, 2000, plaintiffs filed a motion for partial summary judgment on their claims under 29 U.S.C. § 1821(d)(1) and § (2). (Docket No. 117.) Defendants correctly point out in their opposition to plaintiffs' motion for partial summary judgment that plaintiffs had not plead any claim under section 1821(d)(1) in their amended complaint and therefore partial summary judgment should be denied as to that claim. (See Docket No. 133, Defendants' Memorandum and Point of Authorities in Opposition to Plaintiffs' Motion for Partial Summary Judgment at 6-7.) Subsequently, plaintiffs Efraín Flores and Rafael Vélez filed a request for leave to amend the pleadings to include claims against Robert Farmer and Morris Murphy under 29 U.S.C. § 1821(d)(1) for failure to comply with AWPA record-keeping requirements. (Docket No. 161.)

Since there is a motion for partial summary judgment pending, before leave to amend the pleadings is granted, plaintiffs must show that their new claim has substantial merit and is supported by substantial and convincing evidence. Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994); Torres-Matos v. St. Lawrence Garment Co., 901 F.2d 1144,

CIVIL 97-1589 (JAG)                                     4

1146 (1st Cir. 1990). Plaintiffs have met their burden of showing the merit of their new claim in their motion for partial summary judgment. (Docket No. 117.) In the memorandum in support of their motion for partial summary judgment, plaintiffs included as exhibits copies of the employers' payroll records and copies of defendants' depositions that evidence the substance of their new claim. (See Docket No. 117, <u>Plaintiffs' Memorandum of Points and Authorities in Support of Their Motion for Partial Summary Judgment</u>, Exhibits 1, 5.) From the arguments set forth in their motion for partial summary judgment and the attached exhibits, it is evident that plaintiffs' claim under section 1821(d)(1) is not frivolous and accordingly they should be allowed to amend their pleading to include their new claim.

Under the liberal standards of Rule 15(a), the leave sought by plaintiffs should be granted. Their claims under section 1821(d)(1) arise from the same set of facts as their claims under section 1821(d)(2). I do not find, and defendants' do not show in their opposition to amend the pleadings, any undue prejudice by conceding leave to amend. There appears neither dilatory motive nor bad faith from plaintiffs in requesting leave and certainly no delay is created by allowing these plaintiffs to amend the pleadings to include their new claim since no extension of time for discovery is requested or warranted. In addition, plaintiffs have met the burden of establishing the merit of their new claim and there is substantial and convincing evidence of such.

CIVIL 97-1589 (JAG)						5

In view of the above, plaintiffs motion to amend the pleadings under Rule 15(a) of the Federal Rules of Civil Procedure is GRANTED.

In San Juan, Puerto Rico this 14th day of February, 2001.

JUSTO ARENAS
United States Magistrate Judge

AO 72
(Rev 8/82)