IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MÁXIMO VILLALOBOS, et al.,

Plaintiffs

v.                                                    CIVIL 97-1589 (JAG)

NORTH CAROLINA GROWERS'
ASSOCIATION, et al.,

Defendants

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### PROCEDURAL BACKGROUND

On July 5, 2000, Rafael Vélez,[1] Heriberto Cruz, Luis Rivera, Baltazar Ortiz, Heriberto Álvarez, Luis Angel Álvarez, Roberto Christian, Flor Lugo, and Abraham Garayúa ("plaintiffs") filed a motion for partial summary judgment, requesting that district court find Ernest Evans, Phillip Aycock, d/b/a Aycock Brothers Farm. O.G. Douglas, G.C. Douglas, Paul Douglas, and Randy Rosser ("defendants") liable for failure to provide field sanitation facilities to plaintiffs pursuant to 29 U.S.C. § 1822(c) and 29 C.F.R. § 1928.110. (Docket No. 117.)

On August 11, 2000, this matter was referred to me for a report and recommendation. (Docket No. 131.) Defendants filed an opposition to plaintiffs' motion for partial summary judgment on August 17, 2000. (Docket No. 136.) Finally, on August 28, 2000, plaintiffs filed a reply to defendants' opposition for summary judgment. (Docket No. 155.)

### PLEADINGS UNDER THE FEDERAL RULES

Defendants argue that the field sanitation violations alleged by plaintiffs were not properly plead in the amended complaint and that therefore the district court can not

---

[1]Wrongly included and later withdrawn. (Docket No. 155.)




CIVIL 97-1589 (JAG)                    2

consider such claims in plaintiffs' motion for partial summary judgment. (See Docket No. 136, Defendants' Memorandum and Point of Authorities in Opposition to Plaintiffs' Motion for Partial Summary Judgment at 9, pt. D.)

The form of the pleadings is governed by Rule 8 of the Federal Rules of Civil Procedure. Rule 8 does not require a technical or a specific form of pleadings and accordingly they should be liberally construed. Fed. R. Civ. P. 8(e)(1); Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 506 (1959); Rodríguez v. Doral Mortgage Corp., 57 F.3d 1168, 1171 (1st Cir. 1995); Campana v. Eller, 755 F.2d 212, 215 (1st Cir. 1985); see also Conley v. Gibson, 355 U.S. 41, 45-48 (1957). Rule 8 only requires a plain statement of jurisdictional grounds, a simple account of the claims showing that the plaintiff is entitled to judgment in his favor, and a prayer for relief. Fed. R. Civ. P. 8(a).

Plaintiffs' pleading regarding field sanitation violations read as follows:

> Defendants provided terms and conditions of employment which were materially different from those described or promised in the clearance orders. After arriving in North Carolina to do the work for which they were recruited under the clearance orders, plaintiffs suffered, among other things, the following failures by defendants to comply with the described or promised clearance order terms and conditions:
> a. ...
> b. ...
> c. the working conditions did not comply with applicable federal and state health and safety laws in that, among other things;
> 1. no field sanitation facilities were provided or those which were provided did not comply with the standards.

See Docket No. 17, Amended Complaint at 7-8, ¶ 18(c)(1).

This pleading is more than enough to give notice to defendants of the field sanitation claims against them. Although it is true that the allegation makes no reference to any specific defendant, the Federal Rules of Civil Procedure provide for mechanisms to narrow down the allegations. That is one plausible purpose of this motion for partial summary

CIVIL 97-1589 (JAG)                              3

judgment, to narrow the issues regarding field sanitation as to particular defendants. Plaintiffs' pleading regarding field sanitation violations complies with the standards set forth in Rule 8 of the Federal Rules of Civil Procedure.

## FIELD SANITATION FACILITIES REQUIREMENTS

Federal law establishes safety and health standards in different working environments. Such standards are established by the Occupational Safety and Health Administration (OSHA) of the Department of Labor (DOL).[2] 29 C.F.R. § 1910 et seq. Within safety and health standards, OSHA regulates field sanitation in agricultural work. 29 C.F.R. § 1928.110. The field sanitation controls established by OSHA "apply to any agricultural establishment where eleven (11) or more employees are engaged on any given day in hand-labor operations in the field." 29 C.F.R. § 1928.110(a); Rocky v. King, 900 F.2d 864, 865 (5th Cir. 1990). In other words, farmers who employ ten (10) or less workers in field work, are exempt from complying with the federal field sanitation standards.[3]

However, neither the Occupational Safety and Health Act (OSHA), 29 U.S.C. § 651 et seq., nor OSHA's regulations provide for a private cause of action for violations of its standards or establish a basis for civil liability. Elliot v. S.D. Warren Co., 134 F.3d 1, 4 (1st Cir. 1998); Ries v. National R.R. Passenger Corp., 960 F.2d 1156, 1163 (3rd Cir. 1992); Minichello v. United States Indus., Inc., 756 F.2d 26, 29 (6th Cir. 1985).

---

[2] Several states, including North Carolina, have adopted OSHA regulations as part as their state regulations. 13 N.C.A.C. 7F.0301.

[3] "OSHA noted that the exemption for farms with ten or fewer field workers was because of limitations imposed on the Agency by Congress in the annual appropriations bill (Pub. L. No. 98-139, Ex. 11-009) and because it may be infeasible, and perhaps unnecessary, for very small farms to provide such facilities." 52 Fed. Reg. 16,050, 1650-1651 (1987). However, in North Carolina, field sanitation requirements must be met regardless to the number of workers on the field. 13 N.C.A.C. 7F.0301(2).

CIVIL 97-1589 (JAG)                                           4

### OSHA STANDARDS AND THE AWPA'S WORKING ARRANGEMENT

In their motion for partial summary judgment, plaintiffs argued that the violations to the field sanitation standards, are also an infringement to the AWPA, 29 U.S.C. § 1822(c), since they violate the terms of the working arrangements. Plaintiffs base their contention on the presumption that OSHA's field sanitation standards are incorporated to the working arrangements since at the time when a temporary labor certification was requested, the employers specifically stated to the Employment and Training Administration (ETA) that they would comply with all applicable federal and state laws. 20 C.F.R. § 655.203(b). Plaintiffs cite Elizondo v. Podgorniak, 100 F. Supp. 2d 459 (E.D. Mich. 2000) in support of their position.

On the other hand, it is defendants' argument that the OSHA does not provide for a private cause of action for violations of its regulations. Therefore, even if defendants had violated the field sanitation standards, they claim that they are not subject to civil liability since OSHA does not recognize a private right of action as a remedy. Defendants further argue that plaintiffs are trying to disguise the OSHA claim as an action under the AWPA and in doing so, plaintiffs are attempting to surpass the exclusive procedural remedies established by OSHA. 29 U.S.C. § 653(b)(4). In support of this position, the defendants cite Sánchez v. Overmyer, 845 F. Supp. 1183 (N.D. Ohio 1993).

In Elizondo v. Podgorniak, the district court found that a violation of an OSHA field sanitation standard violated the terms of the working arrangement. The court agreed "that the term working arrangement includes those aspects of the working relationship that are required by law." Elizondo v. Podgorniak, 100 F. Supp.2d at 463 (internal quotations omitted). However, in Sánchez v. Overmyer another district court reached an opposite result by saying: "[t]his Court is inclined to read Section 1822(c) as relating to express terms of a working arrangement as opposed to those implied by law." Sánchez v.

CIVIL 97-1589 (JAG)                                    5

Overmyer, 845 F. Supp. at 1187 n.3. Therefore, the issue then is if the term "working agreement" as read in the AWPA, includes other employment laws and regulations.

Whether an OSHA violation is considered or not a working agreement breach depends on the construction of the term. The AWPA does not offer a precise definition of "working agreement." 29 U.S.C. § 1802. However, it is undisputed that the defendants in this case are bound by ETA regulations, specifically those regarding assurances from part of the employer.

> As part of the temporary labor certification application, the employer shall include assurances, signed by the employer, that:
> (a) . . .
> (b) During the period for which the temporary labor certification is granted, the employer will comply with applicable Federal, State and local employment-related laws, including employment related health and safety laws.

20 C.F.R. § 655.203(b).

So, as part of the job offer clearance process, employers promise to comply with federal employment laws, including those related to health and safety. Therefore, that promise becomes part of the working agreement between the employer and the employee. Accordingly, any violation of a safety and health law or regulation, such as OSHA, becomes an infringement of the working agreement, and therefore actionable under the AWPA. Donaldson v. United States Dep't of Labor, 930 F.2d 339, 350 (4th Cir. 1991).

Defendants' argument that this construction of the term "working agreement" bootstraps a private right of action into the OSHA, is creditable. However, "no principle of statutory construction prevents a private right of action conferred by one statutory regime from drawing substance from provisions of another regime which does not provide such a right of action." Id. at n.13.

I find the district court decision of Elizondo v. Podgorniak convincing on this issue specially since it embraces a similar set of facts as the case at bar. In Elizondo v

CIVIL 97-1589 (JAG)                                6

Podgorniak, plaintiffs were also claiming that employers' failure to comply with OSHA field sanitation standards was a violation of the working agreement under the AWPA. In that case, the district court found that OSHA requirements to provide drinking water and hand washing facilities to the workers were "a mandatory term of the working arrangement Defendants [sic] had with Plaintiffs [sic]" and therefore found that the employers were in violations of section 1822(c). Elizondo v. Podgorniak, 100 F. Supp. 2d at 463 (internal quotations omitted).

In Sánchez v. Overmyer, the issue was whether the failure to pay FICA taxes violated section 1822(c) of the AWPA. The district court decided that although failure to pay FICA taxes is a violation of section 1822(a), the term working arrangement does not include the payment of such taxes. Sánchez v. Overmyer, 845 F. Supp. at 1187.

I thus recommend that plaintiffs be allowed to bring the OSHA field sanitation claims as a AWPA violation of the terms of their working agreement. 29 U.S.C. § 1822(c).

UNCONTROVERTED FACTS

1. Defendant Randy Rosser complied with the field sanitation requirement under the Occupational Safety and Health Administration regulation only as to cups and water. See Docket No. 117, Plaintiffs' Statement of Material Facts ¶ 1; Plaintiffs' Memorandum of Points and Authorities in Support of Their Motion for Partial Summary Judgment, Exhibit 1.

2. Defendant O.G. Douglas did not provide toilet facilities to workers when there were less than 13 workers on the field. See Docket No. 117, Plaintiffs' Statement of Material Facts ¶ 1; Docket No. 136, Defendants' Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Partial Summary Judgment at 2, ¶ 2 and Exhibit B.

3. Defendant Phillip Aycock did not always provided facilities other than water and drinking cups in the field. See Docket No. 117, Plaintiffs' Statement of Material Facts ¶

CIVIL 97-1589 (JAG)                              7

3; <u>Plaintiffs' Memorandum of Points and Authorities in Support of Their Motion for Partial Summary Judgment</u>, Exhibit 3.

4. Ernest Evans did not provide toilets or hand washing facilities in the field, but instead had a van with a driver to transport workers to those facilities. <u>See</u> Docket No. 117, <u>Plaintiffs' Statement of Material Facts</u> ¶ 4; Docket No. 136, <u>Defendants' Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Partial Summary Judgment</u> at 2, ¶ 3 and Exhibit C.

## ANALYSIS

Plaintiffs seek summary judgment against defendants for alleged violations of OSHA's field sanitation standards, 29 C.F.R. § 1928.110, which at the same time violate the terms of their working arrangement with defendants, 29 U.S.C. § 1822(c). However, not all plaintiffs in this motion seek summary judgment against the same defendants. Robert Christian is seeking summary judgment against Randy Rosser; Flor Lugo and Abraham Garayúa against O.G. Douglas; G.C. Douglas and Paul Douglas (O.G. Douglas et al.), Heriberto Álvarez and Luis Angel Álvarez against Phillip Aycock; and Heriberto Cruz against Ernest Evans. Therefore, whether summary judgment is entered or not shall be addressed as to each of the plaintiffs and defendants individually.[4]

<u>Defendant Randy Rosser</u>

Plaintiff Robert Christian seeks summary judgment against Randy Rosser for failure to provide toilet and hand-washing facilities. It is undisputed that Randy Rosser complied

---

[4] I have not been able to determine for which defendant Luis Rivera worked and what are his allegation against such defendant. Baltazar Ortiz is also included in the motion as having field sanitation claims. However, in the amended complaint it is alleged that Baltazar Ortiz worked for Chester Pilson and not for any of the defendants mentioned in plaintiffs' motion for summary judgment. Therefore, I will recommend that Luis Rivera's and Baltazar Ortiz' particular requests for partial summary judgment be denied.

CIVIL 97-1589 (JAG)                                    8

with OSHA's field sanitation requirements as to water and drinking cups. (See Docket No. 117, Plaintiff's Memorandum of Points and Authorities in Support of Motion for Summary Judgment, Exhibit 1.) The question then is whether defendant Randy Rosser complied with the toilet and hand washing facilities standards.

OSHA regulations establish that toilet and hand-washing facilities "shall be located within a one quarter-mile walk of each hand laborer's place of work in the fields." 29 C.F.R. § 1928.110(c)(2)(iii). Defendants' counsel submitted an affidavit of Randy Rosser where he asserts that at every time that Robert Christian was working in the fields, he (Christian) worked within a quarter mile from the sanitation facilities. (See Docket No. 136, Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Partial Summary Judgment, Exhibit A.) Nonetheless, in his deposition Robert Christian explained that when he worked in the fields, there were no access to any facilities and that they were "pretty far." (See Docket No. 136, Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Partial Summary Judgment, Exhibit D.)

Neither party has provided enough evidence that establishes how far from the fields the facilities were. If the sanitation facilities were within a quarter mile from the fields, then Randy Rosser was in compliance with OSHA, if they were not, then Rosser is in violation of the field sanitation standards. Therefore, there being a genuine issue as to the material fact of how far from the fields were the sanitation facilities installed, partial summary judgment can not be granted as to this particular defendant.

Defendant O.G. Douglas et al.

Plaintiffs Flor Lugo and Abraham Garayúa seek summary judgment against O.G. Douglas et al. for failure to provide toilet facilities. Regarding this defendant, it has been established that he complied with the water and drinking cups requirements of OSHA.

CIVIL 97-1589 (JAG)                                      9

(See Docket No. 117, Plaintiff's Memorandum of Points and Authorities in Support of Motion for Summary Judgment, Exhibit 2.) However, defendant Douglas admitted in his deposition that he did not provide toilet facilities since, according to him, there has to be over thirteen (13) workers in the field in order to require those facilities. Id. OSHA establishes a minimum of eleven (11) or more employees in order to apply the field sanitation regulations. Therefore, defendants O.G. Douglas et al. argue that there is an issue as to the fact of how many workers were in the field at the moment of the alleged violation. However, as I have noted before, OSHA's regulations have been adopted by the state of North Carolina with some additional requirements.

> The provisions for the Occupational Safety and Health Standards for Agriculture, Title 29 of the Code of Federal Regulations Part 1928, promulgated as of October 15, 1997, and exclusive of subsequent amendments, are incorporated by reference except as follows:
> (1) . . .
> (2) Subpart I--General Environmental Controls--29 CFR 1928.110, Field Sanitation, the scope shall not be limited to any specific number of employees.

13 N.C.A.C. 7F.0301(2)

There is no issue as to the fact that defendants O.G. Douglas et al. did not provide sanitation or hand-washing facilities, since, according to O.G. Douglas himself, there were less than thirteen (13) workers on the field and therefore he was not required to do so. (See Docket No. 136, Defendants' Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Partial Summary Judgment, Exhibit B.) However, the North Carolina Administrative Code compels employers to provide such sanitation facilities regardless the numbers of workers. Therefore, O.G. Douglas et al. was in violation of North Carolina State regulations requiring him to always provide field sanitation facilities. Accordingly I recommend that summary judgment be entered against defendant O.G.

CIVIL 97-1589 (JAG)                             10

Douglas et al. for failing to provide toilet and hand-washing facilities to plaintiffs Flor Lugo and Abraham Garayúa.

<u>Defendant Phillip Aycock</u>

Heriberto Álvarez and Luis Angel Álvarez seek partial summary judgment against Phillip Aycock for failure to provide toilet and hand-washing facilities. Defendant Aycock explained in his deposition that although he always had water and drinking cups in the field, he did not always provide toilet and hand-washing facilities. (<u>See</u> Docket No. 117, <u>Plaintiff's Memorandum of Points and Authorities in Support of Motion for Summary Judgment</u>, Exhibit 3.) In his opposition defendant Aycock does not contest the fact that he did not always provided the facilities, but rather raises the argument that there is an issue "as to how long the workers were in the field and whether facilities were required." (<u>See</u> Docket No. 136, <u>Defendant's Memorandum of Points and Authorities in Opposition of Motion for Summary Judgment</u> at 3, ¶ 6.)

OSHA establishes that "[t]oilet and handwashing facilities are not required for employees who perform field work for a period of three (3) hours or less (including transportation time to and from the field during the day." 29 C.F.R. § 1928.110(c)(2)(v). The fact that workers were in the field for less than three hours is a defense against a plaintiff claim that defendant did not always have toilets and hand-washing facilities available. Since it is undisputed that Phillip Aycock did violate at one time or another the OSHA standards regarding toilets and hand-washing facilities, the burden is on the defendant to provide proof that he did comply or that he was not required to do so.

By alleging, without more, that there is an issue of fact as to how many hours the workers labored in the field, defendant Aycock does not meet his burden of establishing a genuine issue of a material fact. "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt

CIVIL 97-1589 (JAG)                                11

as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); see also Fed. R. Civ. P. 56(e). Defendant Aycock should have shown specific facts and proof, and not just raise general allegations that established an issue to be settled at trial as to the number of hours that workers where in the field. 10A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2727, at 490; see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

Since the defendant did not meet his burden of establishing a genuine issue of material fact and it is undisputed that at some time he did not provide toilet or hand-washing facilities, I recommend that summary judgment be granted against Phillip Aycock for failure to comply with OSHA's sanitation standards.

Defendant Ernest Evans

Heriberto Cruz seeks partial summary judgment against Ernest Evans for failure to provide toilet and hand-washing facilities. It is undisputed that Ernest Evans did not have toilet or hand-washing facilities in the field, but instead he had a van with a driver to take the workers to the restrooms when they needed it. (See Docket 117, Plaintiff's Memorandum of Points and Authorities in Support of Motion for Summary Judgment, Exhibit 4.) Defendant Evans alleges that there is an issue of material fact as to whether the use of vehicular transportation to take workers to restrooms facilities is enough to comply with OSHA. (See Docket No. 136, Defendant's Memorandum of Points and Authorities in Opposition of Motion for Summary Judgment at 3, ¶ 7.)

OSHA indicates that "[w]here due to terrain it is not feasible to locate facilities as required above, the facilities shall be located at the point of closest vehicular access." 29 C.F.R. § 1928.110(c)(2)(iv). Contrary to what defendant Evans contends, there is no issue of fact but rather one of law that can be properly disposed of by way of summary judgment. Celotex Corp. v. Catrett, 477 U.S. at 323-24. There is no doubt that Ernest Evans did not

have toilets and hand-washing facilities in the field, but instead had a van with a driver to take the workers to those facilities. The controversy then is whether having a vehicle to take workers to the restrooms is enough to comply with OSHA.

When OSHA says "the facilities shall be located at the point of closest vehicular access" it does not mean the employee must provide a vehicle to take workers to the restrooms. What OSHA means is that when it is not possible, due to the terrain difficulties, to locate the facilities at a quarter-mile walk from the fields, then those restrooms shall be located at the closest point where the vehicle transporting the sanitation facilities can gain access. Moreover, defendant Evans does not even allege that the reason why he did not have the facilities was due to terrain difficulties. Having a van with a driver to take workers to the restrooms does not comply with OSHA's field sanitation standards. Therefore, I recommend that summary judgment be entered against Ernest Evans for failure to provide toilet and hand-washing facilities.

## CONCLUSION

In view of the above, I recommend that plaintiffs' motion for partial summary judgment be DENIED as to Luis Rivera, DENIED as to Baltazar Ortiz, DENIED as to Robert Christian's claims against Randy Rosser, GRANTED as to Flor Lugo's and Abraham Garayúa's claims against O.G. Douglas et al., GRANTED as to Heriberto Álvarez' and Luis Angel Álvarez' claims against Phillip Aycock, and GRANTED as to Heriberto Cruz' claims against Ernest Evans.

Under the provisions of Rule 510.2, Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within thirty (30) days of the party's receipt of the last report and

CIVIL 97-1589 (JAG)                    13

recommendation to be issued in this case. The same will be so identified.[5] The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111 (1986); Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Secretary of Health & Human Serv., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982).

At San Juan, Puerto Rico, this 5th day of September, 2001.

*[signature]*

JUSTO ARENAS
United States Magistrate Judge

---

[5] The purpose this term is to enable the parties to prepare any objections gradually, given the volume of the case and numbers of issues raised in the sundry motions.